THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL CASE NO. 1:09cv409

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| 100 SHERWOOD FOREST DRIVE, NEBO, | ) |
| McDOWELL COUNTY, NORTH CAROLINA, | ) |
| as described in a Deed at Deed Book 258, | ) |
| Page 431, in the Public Registry of | ) |
| McDowell County, North Carolina, being | ) |
| real property, together with the residence, | ) |
| and all appurtenances, improvements, and | ) |
| attachments thereon, | ) |
| | ) |
| and | ) |
| | ) |
| $700 in UNITED STATES CURRENCY, | ) |
| | ) |
| Defendants. | ) |

## ORDER

**THIS MATTER** is before the Court on the Plaintiff's Rule 56 Motion for Summary Judgment against and Dismissal of the Claims of Tammy Sullivan and Teri Harrison Austin [Doc. 24].

## PROCEDURAL HISTORY

On November 10, 2009, the Plaintiff filed a Verified Complaint for Forfeiture *In Rem* in this matter seeking to forfeit the real property and currency named as Defendants. [Doc. 1]. Plaintiff alleged that title to the real property was held in the name of John D. Harrison (Harrison, Sr.). [Id. at 3]. Harrison, Sr. resided at the residence located on the real property along with his son, John Daniel Harrison, Jr. (Harrison, Jr.). [Id.]. On three occasions in April 2009, Harrison, Sr. sold controlled substances to a confidential informant for the McDowell County Sheriff's Department at the residence. [Id.]. One month after the last of those sales, Harrison, Sr. died. [Id. at 4].

In the Complaint, it is alleged that the real property and currency are things of value furnished in exchange for controlled substances, constitute proceeds thereof, and/or were used to commit or facilitate controlled substances violations. [Id. at 5].[1] Forfeiture is sought pursuant to 21 U.S.C. §881(a)(6) & (7). [Id.]. The Plaintiff also alleged that title to the property vested in the United States at the time of the commission of the controlled

---

[1] While the Plaintiff makes these allegations regarding the nexus between the criminal activity and the Defendant property in such a boilerplate general fashion, it is clear from the other allegations set forth in the Complaint that the Plaintiff is asserting that the real property was used to facilitate the controlled substance violations in that it was the location where the controlled substances were sold, and the currency constituted proceeds of the criminal activity. [Doc. 1 at 5-6]. Conclusory allegations are, however, disfavored and discouraged by the Court.

2

substances exchanges; that is, prior to the death of Harrison, Sr. [Id.].

On November 29, 2010, Tammy Sullivan (Sullivan), through counsel, filed an Answer to Verified Complaint for Forfeiture In Rem. [Doc. 7]. On December 1, 2010, she filed a Verified Claim or Statement of Interest in which she claimed that she is the owner of an "undivided one-fourth (1/4) interest in a tenancy in common" in connection with the real estate. [Doc. 8]. She made no claim to the currency. [Id.]. On February 28, 2011, Teri Harrison Austin (Austin), through counsel, filed Answer to Verified Complaint for Forfeiture In Rem. [Doc. 15]. On the same day, she filed a Verified Claim or Statement of Interest in which she also claimed that she is the owner of an "undivided one-fourth (1/4) interest in a tenancy in common" in connection with the real estate. [Doc. 16]. She also made no claim to the currency. [Id.].

Harrison, Jr. was personally served with the Complaint on November 8, 2010. [Doc. 17]. The other son of Harrison, Sr., Danny Leroy Harrison, was served on March 3, 2011. [Doc. 26]. Neither have Answered or otherwise appeared in this action. Such interests as they may have in the Defendant property are not the subject of the Plaintiff's motion. [Doc. 24 at 24].

On September 16, 2011, the Government moved for summary judgment with regard to the claims of Sullivan and Austin. [Doc. 24]. Because these

3

claimants are represented by counsel, no Roseboro notice was provided.[2] Neither Claimant has responded to the motion.

## STANDARD OF REVIEW

> Under the Federal Rules of Civil Procedure, summary judgment shall be awarded "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, ... show there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). As the Supreme Court has observed, "this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact."

Bouchat v. Baltimore Ravens Football Club, Inc., 346 F.3d 514, 519 (4th Cir. 2003) (emphasis in original), cert. denied 541 U.S. 1042, 124 S.Ct. 2171, 158 L.Ed.2d 732 (2004).

If a party fails to address another party's assertions of fact and/or law, the Court may "grant summary judgment if the motion and supporting materials – including facts considered undisputed – show that the movant is entitled to it[.]" Fed.R.Civ.P. 56(e)(3). In fact, a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a).

---

[2]Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975).

4

## DISCUSSION

21 U.S.C. §881 provides in pertinent part:

The following shall be subject to forfeiture to the United States and no property right shall exist in them:
...
(7) All real property, including any right, title, and interest ... in the whole of any lot or tract of land and any ... improvements, which is used ... in any manner or part, to commit, or to facilitate the commission of, a [controlled substances] violation ... punishable by more than one year's imprisonment.

21 U.S.C. §881(6) & (7).

It is undisputed that three drug transactions occurred at the real property in April 2009 and that two of those transactions involved Harrison, Sr. selling oxycodone, a Schedule II controlled substance, from the home. 21 C.F.R. §1308.12(b)(1)(xiii). The selling of the controlled substances at issue constituted federal offenses punishable by more than one year's imprisonment. 21 U.S.C. §841(a) & (b)(1)(C) (sale of any quantity of oxycodone punishable by no more than 20 years). The Government has therefore presented a forecast of the evidence that the real property is subject to forfeiture and that there is a substantial connection between the property and controlled substances offenses. Since this forecast is undisputed, there is no genuine issue of material fact thereon. 18 U.S.C. §983(c); United States v. 475 Cottage Drive, 433 F.Supp.2d 647 (M.D.N.C. 2006).

Sullivan and Austin base their claims to the real estate on the fact that

when their father died, they inherited undivided fractional interests in the property and became tenants in common therein. It does not appear, however, that the Claimants ever actually owned any interest in the subject property. Since Harrison Sr.'s sales of the drugs at the property are not in dispute, the property is subject to forfeiture. 21 U.S.C. §881(a)(7). That forfeiture occurred and title vested in the Government at the commission of the offenses. 21 U.S.C. §881(h). Obviously, Harrison Sr. committed such offenses prior to his death. Any interest in the property that the Claimants may have inherited arose by reason of Harrison Sr.'s death. Hence, title vested in the Government prior to the Claimants inheriting anything.

That, however, is not the end of the inquiry. Notwithstanding the provisions of §881(h), an interest in property acquired after the commission of the criminal act[3] is not subject to forfeiture if the Claimant is an "innocent owner." 21 U.S.C. §983(d). The Claimant's scant filings in this matter would appear to be an attempt to articulate an innocent owner defense.

The Government argued in the motion for summary judgment[4] that the

---

[3] Plaintiff also alleges criminal acts on the premises committed by Harrison, Jr. after the death of Harrison, Sr. The forfeiture of the property pursuant to the criminal acts of Harrison, Sr. is, however, dispositive of the claims of Sullivan and Austin.

[4] Local Civil Rule 7.1(C) requires that a motion be accompanied by a separate brief setting forth the movant's arguments. In this matter the Plaintiff filed a convoluted hybrid motion and argument. [Doc. 24]. Counsel is strongly encouraged to familiarize himself with the requirements of this Court.

6

Claimants do not qualify as innocent owners. The burden of proof to show that one is an innocent owner is on the claimant. 18 U.S.C. §983(d)(1); <u>United States v. One 2007 Chevrolet Tahoe</u>, 2009 WL 4325389 (E.D.N.C. 2009).

There are two means by which claimants may show their status as innocent owners.

> With respect to a property interest acquired after the conduct giving rise to the forfeiture has taken place, the term "innocent owner" means a person who, at the time that person acquired the interest in the property--
>
> > (i) was a bona fide purchaser or seller for value ...; and
> >
> > (ii) did not know and was reasonably without cause to believe that the property was subject to forfeiture.

18 U.S.C. §983(d)(3)(A). Neither Claimant here has presented any forecast of evidence to show that she was a bona fide purchaser for value and neither has so claimed.

> An otherwise valid claim [as an innocent owner] shall not be denied on the ground that the claimant gave nothing of value in exchange for the property if--
>
> > (i) the property is the primary residence of the claimant;
> >
> > (ii) depriving the claimant of the property would deprive the claimant of the means to maintain reasonable shelter in the community for the claimant[;]
> >
> > (iii) the property is not, and is not traceable to the

7

> proceeds of any criminal offense; and
>
> (iv) the claimant ... was the ...legal dependent of a person whose death resulted in the transfer of the property to the claimant through inheritance or probate[.]

18 U.S.C. §983(d)(3)(B). The Claimants are the adult daughters of Harrison, Sr. They do not claim to be his legal dependents. In addition, neither has presented any evidence tending to show that the real property was their primary residence. Id.; United States v. Real Property, Buildings, Appurtances and Improvements at 221 Dana Avenue, 261 F.3d 65, 74 (1st Cir. 2001) (innocent owner defense applies to legal dependents who use the property as a primary residence and rely on it as a basis for shelter). In fact, Claimant Sullivan presented a sworn statement that she last lived at the subject property in 1982 [Doc. 241 at 6], and Claimant Austin likewise stated that she last lived there in 1986. [Doc. 24-3 at 6].

Claimants have failed to present any forecast of evidence to show that they may be entitled to relief. The burden was on the Claimants to come forward with any such evidence. On the record before this Court, there are no genuine issues of material fact and the Government is entitled to judgment as a matter of law. See Jones v. United States, 104 F. App'x 578 (7th Cir. 2004) (attorney's failure to respond to government's motion for summary judgment in forfeiture did not warrant relief from forfeiture judgment); United

8

States v. Puche-Garcia, 230 F.3d 1356 (4th Cir. 2000) (claimant failed to respond to summary judgment motion with evidence showing a genuine issue of material fact on question of right to money, thus, no dispute of material fact and money subject to forfeiture); United States v. Zilch, 2009 WL 4673750 (C.D. Ill. 2009) (by failing to respond to assertions of fact, claimant is deemed to have admitted assertions of fact in government's motion for summary judgment); United States v. $32,120.00 in U.S. Currency, 2009 WL 873991 (E.D.N.C. 2009).

The Government has not moved for summary judgment with regard to any claim to the real property as may be owned by Harrison, Jr. or Danny Leroy Harrison. Hence any such issue as may exist is not disposed of by this Order.

With regard to the $700 in United States currency that is a Defendant herein, neither Claimant made any claim thereto. Hence the Government's motion for summary judgment as to the currency against the Claimants will be granted.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Rule 56 Motion for Summary Judgment against and Dismissal of the Claims of Tammy Sullivan and Teri Harrison Austin [Doc. 24] is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that the one fourth (1/4) undivided interest of Teri Austin and the one fourth (1/4) undivided interest of Tammy Sullivan in the Defendant real property 100 Sherwood Forest Drive, Nebo, McDowell County, North Carolina, as described in a Deed at Deed Book 258, Page 431, in the Public Registry of McDowell County, North Carolina, being real property, together with the residence, and all appurtenances, improvements, and attachments thereon is hereby **FORFEITED** to the United States of America.

**IT IS FURTHER ORDERED** that any interest that Teri Austin or Tammy Sullivan may have had in the Defendant $700.00 in United States currency is hereby **FORFEITED** to the United States of America.

Signed: January 24, 2012

Martin Reidinger
United States District Judge