IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL CASE NO. 1:09cv409

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| vs. | ) |
| 100 SHERWOOD FOREST DRIVE, NEBO, McDOWELL COUNTY, NORTH CAROLINA, as described in a Deed at Deed Book 258, Page 431, in the Public Registry of McDowell County, North Carolina, being real property, together with the residence, and all appurtenances, improvements, and attachments thereon, | ) |
| and | ) |
| $700 in UNITED STATES CURRENCY, | ) |
| Defendants. | ) |

## DEFAULT JUDGMENT OF FORFEITURE

**THIS MATTER** is before the Court on the Plaintiff's Motion for Default Judgment, Entry of Judgment and Final Order of Forfeiture [Doc. 32].

### PROCEDURAL AND FACTUAL BACKGROUND

On November 10, 2009, the Plaintiff filed a Verified Complaint for Forfeiture In Rem in this matter seeking to forfeit the real estate and currency

named as Defendants. [Doc. 1]. Title to the real property was held in the name of John D. Harrison (Harrison, Sr.). [Id. at 3; Doc. 30-3]. Harrison, Sr. resided at the residence located on the real property with his son, John D. Harrison, Jr. (Harrison, Jr.). [Doc. 1 at 3]. On three occasions in April 2009, Harrison, Sr. sold controlled substances to a confidential informant for the McDowell County Sheriff's Department from the residence. [Id.]. On May 24, 2009, Harrison, Sr. died. [Id. at 4].

On June 16, 2009, Harrison, Jr. sold a controlled substance to a confidential informant from the residence. [Id., at 4]. Three days later, the Sheriff's Department executed a search warrant at the residence during which Harrison, Jr. was present. [Id.]. During the search, officers found multiple controlled substances as well as $1,200.00 in United States currency. [Id.]. The North Carolina Department of Revenue seized $500.00 of the currency to pay the Unauthorized Substance Tax imposed by state law. [Id.]. The balance of $700.00 is named as a defendant in this action.

In the Complaint, it is alleged that the real property and currency are things of value furnished in exchange for controlled substances, constitute proceeds thereof, and/or were used to commit or facilitate controlled substances violations. [Id. at 5]. Forfeiture is sought pursuant to 21 U.S.C.

§881(a)(6) & (7). [Id.]. The Plaintiff alleged in the Complaint that Harrison, Jr. and Tammy Sullivan (Sullivan) were individuals who may have a claim to the property sought to be forfeited. [Doc. 1]. Rule G(4)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions requires the United States to send "notice of the action and a copy of the complaint to any person who reasonably appears to be a potential claimant on the facts known to the government[.]" As a result, notices of the forfeiture action and copies of the Complaint were sent to Harrison, Jr. and Sullivan. [Doc. 1; Doc. 30-2].

On November 29, 2010, Sullivan, who is the daughter of Harrison, Sr., filed an Answer to Verified Complaint for Forfeiture In Rem. [Doc. 7; Doc. 24]. On December 1, 2010, she filed a Verified Claim or Statement of Interest in which she claimed to be the holder of an undivided one-fourth (1/4th) interest in a tenancy in common in connection with the real property. [Doc. 8]. She made no claim to the currency. [Id.].

On February 28, 2011, Teri Harrison Austin (Austin), who is the other daughter of Harrison, Sr., filed Answer to Verified Complaint for Forfeiture In Rem. [Doc. 15; Doc. 24]. On the same day, she filed a Verified Claim or Statement of Interest in which she claimed to be the holder of an undivided

3

one-fourth (1/4th) interest in a tenancy in common in connection with the real property. [Doc. 16]. She made no claim to the currency. [Id.].

Harrison, Jr. was personally served with the Complaint on November 8, 2010. [Doc. 17]. The other son of Harrison, Sr., Danny Leroy Harrison (Danny), was served on March 3, 2011. [Doc. 26]. Neither son has filed a claim or answer and neither has made any appearance in this action. Harrison, Sr. did not have any other children and was not married at the time of his death. [Doc. 24; Doc. 30 at 2].

In addition to the written notices, the Plaintiff provided public notice pursuant to Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions by publication on the official government website, www.forfeiture.gov, for at least thirty consecutive days beginning on March 13, 2010. [Id. at 6; Doc. 3].

The Plaintiff caused a title search to be conducted as to the Defendant real property. [Doc. 30-3]. The search revealed that a mortgage on the property had been assigned to Associates Financial Services of America, Inc. (Associates) on December 31, 1997 and March 24,1998. [Id.]. As a result, the Plaintiff provided notice of this action to Associates on March 16, 2010 as the lienholder of record. [Doc. 30-4]. The notice, however, was returned to the

Plaintiff as undeliverable. [Id.].

The Plaintiff published notice of the forfeiture action in the McDowell News, a newspaper of general circulation in McDowell County, North Carolina, on July 22, 2010, July 29, 2010 and August 5, 2010. [Doc. 4]; Rule G(4)(a), Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

On September 14, 2010, the Plaintiff posted the Verified Complaint for Forfeiture In Rem and the Writ of Entry on the front door of the Defendant real property. [Doc. 5].

The Plaintiff published notice of the forfeiture action in the Mitchell News-Journal, a newspaper of general circulation in Mitchell County, North Carolina, on December 29, 2010, January 5, 2011 and January 12, 2011. [Doc. 19]; Rule G(4)(a), Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

The Plaintiff published notice of the forfeiture action in the Yancey Common Times, a newspaper of general circulation in Yancey County, North Carolina, on January 5, 2011, January 12, 2011 and January 19, 2011. [Doc. 18]; Rule G(4)(a), Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

On September 16, 2011, the Government moved for summary judgment as to the claims of Sullivan and Austin. [Doc. 24]. On January 25, 2012, summary judgment was granted and the claims of Sullivan and Austin to the real property were dismissed. [Doc. 28]. That motion and the Order entered thereon did not address any claims to the currency.

The Plaintiff thereafter discovered that the lienholder of the real property, Associates, had merged with CitiFinancial Services, Inc. 309, LLC (CitiFinancial 309) on September 26, 2001. [Doc. 30 at 5; Doc. 30-6]. As a result, the Plaintiff sent the notice of the pending forfeiture action to CitiFinancial 309 on February 15, 2012. [Doc. 30-7]. The notice was received by CitiFinancial 309 but no answer or claim was asserted. [Id.; Doc. 30].

On March 26, 2012, the Clerk of Court entered default as to all potential claimants to the real property and currency. [Doc. 31]. The Plaintiff now moves for a Default Judgment of Forfeiture. [Doc. 32].

## DISCUSSION

Section 881 of Title 21 provides in pertinent part:

The following shall be subject to forfeiture to the United States and no property right shall exist in them:
...
(6) All moneys ...furnished ... by any person in exchange for a controlled substance ..., all proceeds traceable to such an exchange, and all moneys ... used or intended to be used to

facilitate any [controlled substances] violation[.]

(7) All real property, including any right, title, and interest ... in the whole of any lot or tract of land and any ... improvements, which is used ... in any manner or part, to commit, or to facilitate the commission of, a [controlled substances] violation ... punishable by more than one year's imprisonment.

21 U.S.C. §881(6) & (7).

It is undisputed that Harrison, Sr. conducted three controlled substances transactions at the real property in April 2009. It is also undisputed that after Harrison, Sr.'s death, Harrison, Jr. sold a controlled substance from the home in June 2009. During the execution of the search warrant in June 2009, officers found other controlled substances as well as the currency at issue in the home. The possession, selling and/or distribution of the controlled substances at issue constituted federal offenses punishable by more than one year's imprisonment. 21 U.S.C. §841. The Government has shown by a preponderance of the evidence that both the real property and the currency is subject to forfeiture and that there is a substantial connection between the real property, the currency and controlled substances offenses. 18 U.S.C. §983(c); United States v. 475 Cottage Drive, 433 F.Supp.2d 647 (M.D.N.C. 2006). The Court therefore finds that the allegations of the Complaint and the supplemental filings herein establish that the real property and currency at

issue were the proceeds of or used to facilitate the commission of controlled substances violations. 21 U.S.C. §881(a)(6) & (7).

At the time of the acts of Harrison, Sr. giving rise to the forfeiture, the real property was titled solely in his name. [Doc. 24-5]. Upon his death, such record title as he retained devolved immediately upon his only living children, Danny, Harrison, Jr., Sullivan and Austin. [Doc. 24-1; Doc. 24-3]. The acts of Harrison, Sr., however, served to forfeit that title prior to his death and prior to his children inheriting anything. The Court has previously granted summary judgment to the Plaintiff and dismissed any claims which Sullivan and Austin may have had to the real property. [Do. 28]. Neither Sullivan nor Austin asserted any claim to the currency. Neither Harrison, Jr. nor Danny has asserted any claim to either the real property or the currency. Despite publication and written notice, neither the lienholder nor its successor by merger has filed a claim to either the real property or the currency. The Court finds that the Plaintiff has complied with all procedural requirements for notification and that no potential claimant has timely filed a claim or otherwise answered. Whiting v. United States, 231 F.3d 70, 76 (1st Cir. 2000) ("[D]ue process requires the provision of notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and

to afford them an opportunity to present their objections.") (internal quotation and citation omitted). Default judgment is thus appropriate.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Default Judgment, Entry of Judgment and Final Order of Forfeiture [Doc. 32] is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that the Defendant 100 Sherwood Forest Drive, Nebo, McDowell County, North Carolina, as described in a Deed at Deed Book 258, Page 431, in the Public Registry of McDowell County, North Carolina, being real property, together with the residence, and all appurtenances, improvements, and attachments thereon is hereby **FORFEITED** to the United States of America.

**IT IS FURTHER ORDERED** that $700.00 in United States currency is hereby **FORFEITED** to the United States of America.

Signed: April 17, 2012

Martin Reidinger
United States District Judge